# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT L. LONGO, Jr., | Civil No. 3:19-cv-0111 |
| Petitioner | (Judge Mariani) |
| v. | |
| COMM OF PA, et al., | |
| Respondents | |

## MEMORANDUM

### I. Background

Petitioner Robert L. Longo ("Longo") files the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a November 13, 2018 revocation hearing. (Doc. 1).

For the reasons set forth below, the petition for writ of habeas corpus, which is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"), will be denied.

### II. State Court Factual and Procedural Background

On February 24, 2016, a criminal information was filed in the Court of Common Pleas of Snyder County, charging Petitioner with Terroristic Threats, Simple Assault, Disorderly Conduct and Harassment. *See Commonwealth of Pennsylvania v. Robert L. Longo*, CP-55-CR-34-2016. On June 20, 2016, Petitioner entered a counseled guilty plea to Count 1 – Terroristic Threats (18 Pa.C.S. § 2706) and Count 2 – Simple Assault (18

1

Pa.C.S. § 2701). *Id.* He was sentenced to time served (credit of 61 days) to 12 months jail time on Count 2 (Simple Assault) and a consecutive two-year probationary sentence on Count 1 (Terroristic Threats). *Id.*

On September 26, 2016, while on supervision, an indirect criminal contempt complaint was filed against Petitioner in the Court of Common Pleas of Union County, charging Petitioner with 8 counts of violating a protection from abuse order. *See Commonwealth of Pennsylvania*, CP-60-MD-257-2016. On April 3, 2018, Longo was sentenced on the Union county charges. *Id.*

On November 13, 2018, as a result of the Union County conviction, the Snyder County Court of Common Pleas issued the following Order in *Commonwealth of Pennsylvania v. Robert L. Longo*, CP-55-CR-34-2016:

> AND NOW, November 13, 2018, after hearing on the commonwealth's amended Motion for Revocation, the Court finds that the Defendant violated his conditions of supervision. The Defendant has been convicted of the Indirect Criminal Contempt for violation of a Protection From Abuse order in Union County docketed to CP-60-MD-257 of 2016. The court notes that the Defendant's conviction in that matter was April 3, 2018, and that the Defendant has not appealed that judgment of sentence. For these violations of supervision, the Court hereby revokes the Defendant's probation on Count 1 of the information.
>
> The Court resentences the Defendant on County 1 of the information to pay Court costs, costs of prosecution, such other fees and surcharges as may be required by law, and a Victim Service Fee of $75. The Defendant will undergo a period of incarceration in a State Correctional Institution of not less than two (2) years nor more than five (5) years. This sentence shall be served consecutively to any sentence the Defendant is presently serving.
>
> The Defendant is not RRR-1 eligible.

> The Defendant shall provide written notice to the Clerk of Courts Office of any change in address, contact information, or employment status within 72 hours of the change until such time that the Defendant has paid all financial obligations in full.

(Doc. 1 at 15, Order). Also, on November 13, 2018, the Snyder County Court of Common Pleas issued the following Order in Longo's case: "AND NOW, November 13, 2018, upon consideration of the Defendant's oral motion for continuance, the Court denies the Defendant's motion." (Doc. 1 at 17, Order).

Petitioner filed a motion for reconsideration of the Court's Orders which was denied by Order dated November 26, 2018. (Doc. 1 at 18, Order).

On January 18, 2019, Longo filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1, petition). In his petition, Longo challenges the November 13, 2018 Revocation Hearing. *Id.* Specifically, he raises the following three grounds for relief: (1) Failure to allow continuance for religious purposes under 42 U.S.C. § 1996; (2) Failure to follow Court's Order dated October 2, 2018; and (3) Failure to serve Petitioner with the complaint for probation revocation under Pa.R.Crim.P. Rule 576. *Id.*

On July 29, 2019, Respondent filed a response arguing that Petitioner has failed to exhaust his available state court remedies because he failed to seek any state appellate review from the revocation sentencing order of November 13, 2018; nor has he filed any post-conviction relief petitions regarding that order. (Doc. 12). It is alternatively argued that the Petitioner's claims are meritless. *Id.* Petitioner acknowledges that he has not

3

exhausted his state court remedies, stating that "he does not know the law to the fullest extent." (Doc. 1 at 8).

On August 12, 2019, Petitioner filed a traverse arguing that the Court should "deny the Respondent's response and dismiss the answer with prejudice." (Doc. 13).

## III. Standard of Review

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). 28 U.S.C. § 2254, provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States
>
> ....
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254. Section 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner. *Cullen v. Pinholster*,

4

563 U.S. 170, 181 (2011); *Glenn v. Wynder*, 743 F.3d 402, 406 (3d Cir. 2014). A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This limitation places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings resulted in "a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994) (citations omitted).

Longo's case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA").

## IV.    Discussion

Respondent argues that the present petition should not be entertained because Longo failed to exhaust his available state court remedies. As a threshold matter, a habeas petitioner must either show that the federal constitutional claims asserted in the federal habeas petition have been "fairly presented" to the state courts; that there is an absence of available state court corrective process; or that circumstances exist rendering the available state court process ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b).

However, as correctly recognized by the Respondent, the question of exhaustion need not be resolved as the claims presented by Longo are clearly without merit. *See* 28

5

U.S.C. § 2254(b)(2)(a federal court can deny a habeas petition "on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

### A. Claim One

Petitioner claims that he "is Native American and asked for continuance due to his Aunt's death and was still in mourning." (Doc. 1 at 5). Longo does not indicate how the denial of his request for a continuance impacts either the Court's decision to revoke Petitioner's probation or Petitioner's religious rights. As such, the court finds Petitioner's first issue to have no merit.

### B. Claim Two

Petitioner claims that he "was taken from SCI-Retreat to the Snyder County Prison with no knowledge as to why but only had knowledge of a video hearing", in violation of the Court's October 2, 2018 Order. (Doc. 1 at 6).

A review of Petitioner's docket sheet reveals that on September 13, 2018, Petitioner filed a request with the Snyder County Court to have his October 11, 2018 revocation hearing conducted by video. *See Commonwealth of Pennsylvania v. Robert L. Longo*, CP-55-CR-34-2016. On October 2, 2018, the Snyder County Court issued an Order cancelling Petitioner's revocation hearing for October 11, 2018 and Rescheduling the hearing to November 13, 2018. *Id.* On October 24, 2018, the Snyder Court issued an Orde directing transportation of Petition to the revocation hearing on November 13, 2018 at 10:30 a.m. *Id.*

On November 5, 20218, the Snyder County Sheriff's Department issued a transportation memorandum regarding Petitioner's transportation. *Id.* On November 13, 2018, Petitioner was transported to the Snyder County Courthouse to participate in person at his revocation proceeding. *Id.*

Petitioner's docket sheet clearly reveals that Petitioner had notice that his revocation hearing would be conducted in person and Petitioner would be transported to the hearing. However, regardless of the issue of notice, Longo, once again, fails to establish how his November 13, 2018 revocation hearing was impacted by the Snyder County Court not honoring Petitioner's request to conduct his revocation hearing by video. Consequently, this claim is meritless.

### C. Claim Three

Lastly, Petitioner claims that he "was not served with the Motion for Probation Revocation or the complaint to go along with said motion under Pa.R.Crim.P. Rule 576." (Doc. 1 at 8).

On August 14, 2018, the Commonwealth filed a Motion for Revocation, which was served upon Petitioner's counsel, Attorney Michael O'Donnell. *See Commonwealth of Pennsylvania v. Robert L. Longo*, CP-55-CR-34-2016. By Order dated August 27, 2018, the Snyder County Court scheduled a hearing on the motion for October 11, 2018. *Id.* The docket reflects that the Order was served by first class mail on both Petitioner and his counsel. *Id.* Thus, the record reflects that Petitioner was on notice of the motion.

7

However, even if Petitioner was not personally served with the motion, the record reflects he was clearly served by first class mail with the order setting the hearing on the motion. Thus, making Petitioner aware that the motion existed. Once again, regardless of being served with the motion, Petitioner has failed to demonstrate how failure to serve him with the motion for revocation invalidates the decision of the Snyder County Court to revoke Petitioner's probation. As such, Petitioner cannot show that he was prejudiced in any way. Accordingly, Petitioner is not entitled to relief on this claim.

## V.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Longo fails to demonstrate that a COA should issue.

The denial of a certificate of appealability does not prevent Longo from appealing the order denying his petition so long as he seeks, and obtains, a certificate of appealability from the Third Circuit Court of Appeals. *See* Fed.R.App.P. 22(b)(1).

## VI. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be denied.

A separate Order shall issue.

Dated: June 22, 2021

Robert D. Mariani
United States District Judge